IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **PI-NET INTERNATIONAL, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**PAYCOM PAYROLL, LLC,**<br><br>Defendant. | C.A. No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pi-Net International, Inc. hereby files this complaint for patent infringement against Paycom Payroll, LLC alleges upon information and belief as follows:

### PARTIES

1. Plaintiff Pi-Net International, Inc. ("Pi-Net") is a California corporation with its principal place of business at 222 Stanford Avenue, Menlo Park, California 94025. Pi-Net has been a provider of innovative software products, services and solutions that enable distributed transaction processing and control over public and private networks, including, without limitation, the Internet and the World-Wide Web.

2. The patent asserted here was issued to Dr. Arunachalam based on an application having a priority date of 1995. The patent discloses the fundamental technology underlying Web commerce and other online services by use of Web applications. The examples of the pioneering technology in her patent were directed to payroll processing and other financial services on the Web akin the Defendant's accused system.

3. Defendant Paycom Payroll, LLC ("Paycom") is a corporation organized under the laws of the State of Delaware with The Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its registered agent. Defendant resides in this judicial district and transacts business throughout the State of Delaware, including this judicial district. Furthermore, by forming in the State of Delaware, Defendant has availed itself of Delaware law.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over the Defendant by virtue of its presence and business activities within this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## BACKGROUND

7. On November 16, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,987,500 ("the '500 Patent"), entitled "Value-Added Network System For Enabling Real-Time, By-Directional Transactions On A Network," to Dr. Lakshmi Arunachalam. Pi-Net is the assignee of all rights, title, and interest in the '500 Patent, including the right to recover damages for past infringement. A copy of the '500 Patent is attached to the Complaint as Exhibit A.

8. On January 31, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,108,492 ("'492 Patent"), entitled "Web Application Network

Portal," to Dr. Lakshmi Arunachalam. Pi-Net is the assignee of all rights, title, and interest in the '492 Patent, including the right to recover damages for past infringement. A copy of the '492 Patent is attached to the Complaint as Exhibit B.

9. On August 14, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,244,833 ("the '833 Patent"), entitled "Real-Time Web Transaction Systems To Access On-Line Services Over The Web From Web Applications," to Dr. Lakshmi Arunachalam. Plaintiff is the owner of all rights, title, and interest in the '833 Patent, including the right to recover damages for past infringement. A copy of the Patent is attached to the Complaint as Exhibit C. 13.

10. Patent 5,987,500 is currently the subject of review before The Patent Trial and Appeal Board of the United States Patent and Trademark Office, in a case styled SAP America, Inc., Petitioner v. Pi-Net International, Inc., Patent Owner, IPR2013-00195. Patent 8,108,492 is currently the subject of review before The Patent Trial and Appeal Board of the United States Patent and Trademark Office, in a case styled SAP America, Inc., Petitioner v. Pi-Net International, Inc., Patent Owner, Case IPR2013-00194.

11. Defendant makes and uses media for the provision of on-line payroll processing services which can be accessed via the following websites: https://www.paycomonline.net/v4/cl/cl-login.php; https://www.paycomonline.net/v4/ee/ee-login.php; https://www.paycomonline.net/v4/ee/ee-login.php?ftype=2; and/or https://www.paycomonline.net/v4/cl/cl-login.php?ftype=2.

## COUNT I
(Infringement of the '500 Patent)

12. Pi-Net incorporates and realleges paragraphs 1- 11.

13. Defendant has directly infringed and is continuing to infringe one or more claims of the '500 Patent by operating without authority one or more online and mobile systems providing services which utilize POSvc Applications on a Web Page, where such POSvc Applications incorporate an object with attributes and information entries, wherein the resulting networked object identity is routed to the Defendant services, and wherein the online and mobile systems provide a means for switching to a plurality of transactional applications in response to a user specification from one of several network applications on one of the website's webpages, with the transactional applications providing a plurality of transactional interactive real time services managed by Defendant to the user, while Defendant keeps the transaction flow captive, and including a means for transmitting a transaction request from the transactional application; and means for processing the transaction request, and (ii) utilized and is utilizing computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs the foregoing.

14. Defendant's online practices of the patented inventions are reflected in, but not limited to, the websites describe above.  Defendant's servers providing the claimed methods and reflecting the claimed apparatus are located in the United States under Defendant's control.

15. Defendant's infringement has injured Plaintiff.  Accordingly, Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, and an injunction to prohibit further infringement of the '500 Patent or future compensation for use of the inventions.

**COUNT II**
(Infringement of the '492 Patent)

16. Pi-Net incorporates and realleges paragraphs 1- 11.

17. Defendant has directly infringed and is continuing to infringe one or more claims of the '492 Patent by operating without authority one or more online and mobile systems providing Services which utilize POSvc Applications on a Web Page, where such POSvc Applications incorporate an object with attributes and information entries, wherein the resulting networked object identity is routed to the Defendant's services, and wherein the online and mobile systems provide a Web server, including a processor and a memory, for offering one or more Web applications as respective POSvc Applications in a point-of-service application list on a Web page; each POSvc Application of the one or more POSvc Applications for requesting a real-time Web transaction; a value-added network (VAN) switch running on top of a facilities network selected from a group consisting of the World Wide Web, the Internet and an e-mail network, the VAN switch for enabling the real-time Web transactions from the one or more Web applications; a service network running on top of the facilities network for connecting through the Web server to a back-end transactional application; and a computer system executing the Back-end transactional application for processing the transaction request in real-time, and (ii) utilized and is utilizing computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs the foregoing.

18. Defendant's online practices of the patented inventions are reflected in the website identified above. Defendant's servers providing the claimed methods and reflecting the claimed apparatus are located in the United States under Defendant's control.

19. Defendant's infringement has injured Plaintiff. Accordingly, Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, and an injunction to prohibit further infringement of the '492 Patent or future compensation for use of the inventions.

## COUNT III
(Infringement of the '833 Patent)

20. Plaintiff incorporates and realleges paragraphs 1- 11.

21. Defendant has directly infringed and is continuing to infringe at least claim 10 of the '833 Patent by making, using and selling, *inter alia*, web services which include at least the making and using of a non-transitory machine-readable medium having embedded thereon instructions executable by a processor, which when executed by one or more processors, causes the one or more processors to perform a set of steps including:

activate an OSI application layer on-line service network on the Web, wherein said on-line service network is an on-line payroll processing service network on the Web;

display a Web application on a Web page, wherein the Web application is a payroll processing services Web application;

execute said Web application on a Web server comprising memory and a processor;

display a list of services accessible for performing real-time Web transactions from said payroll processing services Web application on the Web page;

perform real-time Web transactions from the Web application;

manage the connection between the Web application displayed on a multi-media device and a Back Office of a payroll processing service provider;

control the flow of one or more real-time Web transactions from the payroll processing Web application; and

complete a payroll processing Web transaction in real-time relating to a selected payroll processing service.

22. Defendant's infringement has injured Plaintiff. Accordingly, Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, and an injunction to prohibit further infringement of the '833 Patent or future compensation for use of the inventions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter judgment against Defendant and against Defendant' subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate Plaintiff for the infringement that has occurred, together with prejudgment interest from the date infringement of the '500, '492 and '833 Patents began;

B. An award to Plaintiff of all remedies available under 35 U.S.C. § 284;

C. An award to Plaintiff of all remedies available under 35 U.S.C. § 285;

D. A permanent injunction under 35 U.S.C. § 283 prohibiting further infringement of the '500, '492 and '833 Patents, and, in the alternative, in the event injunctive relief is not granted as requested by Plaintiff, an award of a compulsory future royalty; and

E. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: April 18, 2014

/s/ *George Pazuniak*
George Pazuniak, Esq. (Del. Bar No. 478)
O'KELLY ERNST & BIELLI, LLC
901 N. Market St.
Suite 1000
Wilmington, DE 19801
Telephone: 302-478-4230
E-mail: GP@del-iplaw.com

*Attorney for Plaintiff*
*Dr. Lakshmi Arunachalam*